```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


ROGER L. PIERCE,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )      1:07CV384
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
        Defendant.                  )
```

### MEMORANDUM OPINION AND RECOMMENDATION
### OF MAGISTRATE JUDGE ELIASON

Plaintiff Roger L. Pierce seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying his applications for disability insurance and supplemental security income ("SSI") benefits. The Commissioner's denial decision became final on April 4, 2007, when the Appeals Council concluded there was no basis to review the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

Plaintiff filed applications for disability insurance and SSI benefits on October 23, 2002, alleging disability as of August 25, 2001, due to fibromyalgia, sleep disorder, depression, bladder spasms, irritable bowel syndrome, memory loss, mood swings and panic disorder. A hearing was held before ALJ Charles F. Biscoe on March 26, 2004 in Greensboro, North Carolina. A decision denying Plaintiff's claim was issued on September 13, 2004. Plaintiff filed a request for review, and on July 14, 2005, the Appeals

Council entered an order vacating the ALJ's decision and remanding the matter for further proceedings. On May 15, 2006, a second hearing was held before ALJ Biscoe, and a second decision denying Plaintiff's claim was issued on August 14, 2006.[1] Plaintiff again filed a request for review, and on April 4, 2007, the Appeals Council found no basis on which to review the ALJ's 2006 decision. Plaintiff then filed a request for judicial review in this Court on May 15, 2007.

## **Scope of Review**

The scope of review by this Court of the Commissioner's decision denying benefits is limited. Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case de novo. Id. The Court may not make credibility determinations or substitute its judgment for that of the ALJ's. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as

---

[1] On October 25, 2004, Plaintiff again filed applications for disability insurance benefits and SSI, which were denied initially and on reconsideration. The ALJ consolidated those claims with the Appeals Council remand claims and issued one decision. (Tr. at 21.)

-2-

adequate to support a conclusion," <u>Richardson v. Perales</u>, 402 U.S. 389 (1971)(citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." <u>Shively v. Heckler</u>, 739 F.2d 987, 989 (4th Cir. 1984)(citations omitted).

In reaching a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. §§ 404.1520, 416.920(2007). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. The burden of persuasion is on the claimant through the fourth step. <u>See</u> <u>Hunter v. Sullivan</u>, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering his age, education and work experience. <u>Id.</u>

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act on his alleged onset date of disability and remained insured through December 31, 2006. (Tr. at 23.) At the first step of the sequential evaluation, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of disability. (<u>Id.</u>)

-3-

Case 1:07-cv-00384-WO-WWD   Document 16   Filed 11/25/08   Page 3 of 8

The second step in the sequential evaluation process is to determine whether Plaintiff has a severe impairment. A severe impairment is one which, either separately or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c) (2007). At step two, the ALJ found that Plaintiff had severe impairments including panic disorder, dysthymia, personality disorder and fibromyalgia. (Tr. at 23.) At step three of the sequential evaluation, the ALJ found that Plaintiff did not have an impairment, or combination of impairments, that met or equaled a listing in Appendix 1, Subpart P, Regulation Number 4. (Id. at 27.)

The ALJ concluded his evaluation of Plaintiff's residual functional capacity at steps four and five by noting that although Plaintiff no longer retained the residual functional capacity to perform his past relevant work as an inspector, truck driver or pharmacy technician, he was able to perform light work with the limitations that he avoid high stress, public contact, constant, ongoing co-worker interaction and hazards. (Id.) Based on Plaintiff's age, education and work experience, as well as an exertional capacity for a limited range of light work, in conjunction with the credible testimony of a vocational expert, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Id. at 29.) The

ALJ, therefore, found that Plaintiff is "not disabled" as defined in the Social Security Act. (Id. at 30.)

In this action, Plaintiff's sole argument is that the ALJ erred at step two of the sequential evaluation in failing to find that Plaintiff's sleep disorder is a "severe" impairment. (Docket No. 12, Pl.'s Br. Supp. Mot. for Summ. J., at 3.)

An impairment is "severe" if it significantly limits a claimant's physical or mental ability to perform basic work activities.[2] 20 C.F.R. §§ 404.1521(a), 416.921(a) (2007). The Fourth Circuit has held that in order to find an impairment non-severe, the impairment must be "a <u>slight abnormality</u> which has such a <u>minimal effect</u> on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." <u>Evans v. Heckler</u>, 734 F.2d 1012, 1014 (4th Cir. 1984)(emphasis in original)(quoting <u>Brady v. Heckler</u>, 724 F.2d 914, 920 (11th Cir. 1984)). The threshold for finding an impairment is severe is low. The severity regulation is intended to do no "more than allow the [Commissioner] to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working." <u>Baeder v. Heckler</u>, 768 F.2d 547, 553 (3d Cir. 1995); <u>see</u> <u>also</u>

---

[2] Basic work activities include: physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or hearing; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in routine work setting. 20 C.F.R. § 404.1521(b) (2007).

-5-

McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)("Step two is a threshold inquiry.  It allows only claims based on the most trivial impairments to be rejected.").  The burden is upon Plaintiff to provide medical evidence establishing the existence and severity of his claimed impairments and to establish how those impairments affect his functioning.  20 C.F.R. §§ 404.1512(a), 416.912(a).

The ALJ declined to find that Plaintiff's sleep disorder is a "severe" impairment, reasoning that an all-night polysomnogram showed no evidence of apnea and a multiple sleep latency test was normal, and that the impairment did not limit Plaintiff's ability to perform basic work activities.  (Tr. at 27.)  Plaintiff contends that the medical evidence establishes that Plaintiff suffers from a diagnosed sleep disorder, and that specifically, the polysomnogram showed prolonged mid-sleep-cycle awakening, resulting in a diagnosis of insomnia and circadian rhythm disorder.  (Docket No. 12, Pl.'s Br., at 5-6.)  Plaintiff argues that the test results and resulting diagnosis, in conjunction with Plaintiff's long-term reports of symptoms, established that Plaintiff's sleep disorder is a severe impairment.  On review, and based on the record evidence, the Court agrees.

Plaintiff consistently complained of difficulty sleeping and irregular sleep patterns to physicians and other health care providers for years. He complained to his treating psychiatrist on December 4, 2001 of long-standing poor sleep and estimated sleeping

only 2-3 hours per night. (Id. at 255.) He specifically reported that he lost his prior job due to tardiness resulting from his sleep problems and his inability to get up in the morning. (Id. at 256.) In January 2002, he again reported having sleep difficulties for years, significantly worsening in the prior year. Plaintiff reported sleeping only 0-2 hours a night. (Id. at 252.) In October 2002, Plaintiff reported that he was able to sleep for only three to four hours a night, which caused exhaustion and excessive daytime sleep. (Id. at 303.) In March and April 2003, Plaintiff again reported that he would stay awake for several days, and then slept excessively for about two days, causing him to miss daytime appointments. (Id. at 300, 370.) Plaintiff continued to make similar complaints throughout 2004 and 2005. (See id. at 377, 421, 599, 702-04).

The polysomnogram report indicates that Plaintiff suffers from insomnia and a circadian rhythm disorder. (Tr. at 366.) Plaintiff's treating neurologist, Dr. Gregory D. Mieden, diagnosed Plaintiff with a sleep disorder, that is circadian sleep rhythm disorder and probable 24-hour circadian rhythm disorder. (Id. at 371.) Dr. Mieden stated the sleep disorder was related to a bipolar disorder which needed to be first addressed.[3] Nevertheless, it would appear Plaintiff could well have some sort of sleep disorder of more than slight magnitude, even if caused by

---

[3] It is not clear whether Plaintiff has done so and this may jeopardize his claim, but not at this stage.

-7-

another problem. Although it is understandable that the ALJ would be reluctant to find a severe disorder based upon merely subjective complaints on poor sleep, the possible corroborative medical evidence cited above is sufficient to require the ALJ to more thoroughly consider Plaintiff's sleep disorder as a severe impairment. The Court is not comfortable in evaluating, by itself, the sleep tests in light of Dr. Mieden's report and the consistent history related by Plaintiff to his physicians. In making this determination, the ALJ may take further evidence, call upon a medical advisor or consultant or take other actions within the Judge's discretion to assess the significance of these diagnoses.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for summary judgment (docket no. 11) be denied, that Defendant's motion for judgment on the pleadings (docket no. 14) be denied, and that this action be remanded to the Commissioner for further proceedings as set out above.

/s/ Russell A. Eliason
**United States Magistrate Judge**

November 25, 2008